```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

SAMMY GERACI,

                            Petitioner,

                  -vs-

THOMAS STICHT, *Superintendent,*
*Wyoming Correctional Facility*,

                            Respondent.

No. 15-CV-01015(MAT)
**DECISION AND ORDER**

## I.    Introduction

*Pro se* petitioner Sammy Geraci ("petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After a disciplinary hearing, petitioner, who was then confined at the Fishkill Correctional Facility, was found guilty of assaulting fellow inmate Jose Rodriguez. Petitioner was penalized with four months confinement in the Special Housing Unit (the "SHU") including a corresponding loss of packages, telephone, and commissary privileges (of which two months were suspended and deferred), and loss of two months good-time credits. In the instant petition, petitioner alleges various due process violations in connection with the disciplinary hearing underlying the aforementioned punishment. In particular, he alleges that the hearing officer improperly refused to permit him to call Mr. Rodriguez as a witness, failed to explain why confidential testimony was necessary, and failed to provide a copy of an unusual incident

report. For the reasons discussed at length below, the Court determines that petitioner is not entitled to habeas relief and therefore denies the petition.

**II. Factual Background and Procedural History**

Petitioner is currently serving an aggregate term of 40 years in prison, having been convicted of manslaughter in the first degree and two counts of assault in the first degree. On April 23, 2013, while he was incarcerated at the Fishkill Correctional Facility ("Fishkill"), petitioner was served with a misbehavior reported dated April 22, 2013, charging him with violating rule 100.10 of the rules governing inmate behavior by committing assault on another inmate (the "Misbehavior Report"). The Misbehavior Report, which was authored by New York State Department of Corrections and Community Supervision ("DOCCS") Sergeant Wassweiler, stated that on April 16, 2013, DOCCS Correction Officer Buchman found inmate Jose Rodriguez in his room covered with blood. Mr. Rodriguez was treated at Putnam Hospital for a fractured nose and received five sutures over his left eye. The report further stated that a confidential source informed Sergeant Wassweiler that petitioner had struck Mr. Rodriguez in the face, either with his fist or with another object.

DOCCS Captain Webbe, the hearing officer, conducted a Tier III disciplinary hearing on April 25, 2013. Captain Webbe advised petitioner of his rights and read the Misbehavior Report into the

-2-

record.  Petitioner pled not guilty to the charge and requested that Mr. Rodriguez testify.  The hearing officer explained that Mr. Rodriguez had signed a refusal to testify form.

Petitioner testified that on the date at issue, he and Mr. Rodriguez bumped shoulders as they were passing each other in the hallway.  Petitioner further testified that Mr. Rodriguez brought his arm up and made a swinging move, that petitioner struck Mr. Rodriguez's hand, causing him to fall down, and that petitioner then walked away.

Petitioner requested a copy of the unusual incident report setting forth what Mr. Rodriguez had told prison officials when asked how he sustained his injuries.  The hearing officer agreed to this request and adjourned the hearing to obtain a copy of the report.  However, when the hearing resumed, petitioner complained that he had never received such a copy.

Sergeant Wassweiler testified at the disciplinary hearing that a confidential informant, who had provided reliable information in the past, had told him that petitioner struck Mr. Rodriguez in the heard during the incident in question.  Sergeant Wassweiler further testified that, when questioned immediately following the incident, Mr. Rodriguez claimed that he had fallen and hit his head on a door jam.

The hearing officer informed petitioner on the record that he had heard confidential testimony from an informant.  Petitioner

stated that if the confidential informant was Mr. Rodriguez, he should be required to testify.

The hearing officer also read into the record a portion of the unusual incident report. The portion of the report read into the record stated that Mr. Rodriguez had been uncooperative when interviewed, had stated only that he got hit and then fell on the floor, and had refused to testify at any disciplinary hearing.

The hearing officer issued a written disposition dated May 2, 2013, finding petitioner guilty of assault based on the Misbehavior Report and the testimony of petitioner, Sergeant Wassweiler, and the confidential informant. The hearing officer imposed a penalty of four months confinement in the SHU with a corresponding loss of packages, telephone, and commissary privileges (of which two months were suspended and deferred), and recommended two months loss of good-time credits. The recommended penalty was affirmed on administrative review.

Petitioner subsequently commenced a proceeding in Albany County Supreme Court pursuant to Article 78 of New York's Civil Practice Law and Rules ("Article 78"). In his Article 78 petition, petitioner contended that the hearing officer denied him due process by failing to provide him with a copy of Mr. Rodriguez's refusal to testify form or ascertain the basis for Mr. Rodriguez's refusal to testify, and that the hearing officer failed to follow

established procedures and notice requirements for hearing confidential testimony.

On February 21, 2014, the Albany County Supreme Court dismissed petitioner's Article 78 proceeding, finding that the record supported the conclusion that Mr. Rodriguez's refusal to testify was authentic and that petitioner had in any event waived his objection by failing to timely object to the authenticity of the refusal to testify. The Albany County Supreme Court further found that although the hearing officer had failed to properly inform petitioner as to why confidential testimony was taken and why petitioner was not allowed to review it, the error was harmless because the other proof at the hearing was sufficient to sustain the charge.

Petitioner appealed to the Appellate Division, Third Department (the "Appellate Division"), arguing that the hearing officer improperly denied him his constitutional right to call Mr. Rodriguez, failed to properly inform him of why confidential testimony was taken in violation of New York regulatory law, and denied his right to documentary evidence (namely, the unusual incident report). On August 13, 2015, the Appellate Division issued a Memorandum and Order finding that all of petitioner's claims were unpreserved and dismissing his appeal.

Petitioner sought leave to appeal to the New York Court of Appeals, asserting that the hearing officer improperly refused to

permit him to call Mr. Rodriguez and failed to explain why confidential testimony was required. Petitioner did not seek leave to appeal his claim that the hearing officer improperly failed to provide him with a copy of the unusual incident report. Petitioner's request for leave to appeal was denied on November 9, 2015.

Petitioner commenced the instant proceeding on November 30, 2015. Petitioner asserts in his petition that the hearing officer violated his constitutional rights by not allowing him to call Mr. Rodriguez as a witness, by not explaining why confidential testimony was necessary, and by not providing a copy of the unusual incident report.

**III. Discussion**

**A. Cognizability of Petitioner's Claims**

Title 28, Section 2254 "is explicit that a federal court is to entertain an application for a writ of habeas corpus 'only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wainwright v. Goode*, 464 U.S. 78, 83-84 (1983) (quoting 28 U.S.C. § 2254(a)), *reh'g denied*, 423 U.S. 1092 (1984). Challenges to the validity of prison administrative actions that affect the fact or length of the prisoner's confinement are properly brought under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that "when a state prisoner is challenging the very fact

or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"); *see also Poventud v. City of N.Y.*, 750 F.3d 121, 128 (2d Cir. 2014) (noting that *Preiser* "declined to recognize a distinction where the [prisoner's] challenge [to his imprisonment] was to a final administrative decision") (citing *Preiser*, 411 U.S. at 489).

However, as the Second Circuit has observed, "many intra-prison administrative or disciplinary decisions that could result in deprivations in violation of the Constitution do not affect the fact or length of a prisoner's confinement[,]" *Jenkins v. Haubert*, 179 F.3d 19, 23 (2d Cir. 1999). These include "placement in solitary confinement or keeplock, . . . or some other form of confinement more restrictive than that imposed on the general prison population." *Id.* Because such disciplinary decisions do not affect the fact or length of a prisoner's confinement, they are not cognizable under § 2254.

The Second Circuit did acknowledge in *Jenkins* that *Preiser* "left open the question of whether federal habeas corpus is available to prisoners who challenge decisions imposing restrictive conditions of confinement." *Jenkins*, 179 F.3d at 23 (citing *Preiser*, 411 U.S. at 499 ("When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is

arguable that habeas corpus will lie to remove the restraints making the custody illegal.")). Although this dictum has engendered much discussion in the circuit courts, *see id.* (citing cases), the law governing a *habeas* petitioner's claims is limited to the holdings, not dicta, of the Supreme Court. *See Tueros v. Greiner*, 343 F.3d 587, 593-94 (2d Cir. 2003) (dicta in Supreme Court decision was not clearly established federal law that could form basis for habeas relief under Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d)(1)) (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

Here, the punishment imposed on petitioner following the adverse disciplinary hearing was four months confinement in the SHU with a corresponding loss of packages, telephone, and commissary privileges (of which two months were suspended and deferred), and two months loss of good-time credits. The loss of good-time credits may impact the fact or overall length of petitioner's confinement, and, to the extent he seeks to restore those good-time credits, his claim is cognizable under § 2254. However, to the extent that petitioner's claims are based on his confinement to the SHU or his loss of associated privileges, challenges to the imposition of those punishments are not cognizable as a habeas claim. *See, e.g., Green v. Bradt*, 2012 WL 130274 (W.D.N.Y. Jan. 17, 2012) (dismissing as not cognizable habeas claims regarding prison disciplinary hearing that resulted in keeplock confinement

because punishment did not affect the overall length of petitioner's confinement); *see also Welch v. Mukasey*, 589 F. Supp.2d 178, 183 n.3 (N.D.N.Y. 2008) (SHU confinement); *Green v. Duncan*, 2007 WL 781927, at *2-3 (N.D.N.Y. Mar. 13, 2007) (keeplock and loss of privileges); *H'Shaka v. Conway*, 2006 WL 1418601, at *2 (S.D.N.Y. May 22, 2006) (SHU confinement). Accordingly, petitioner's challenges to the imposition of any punishment other than the loss of good-time credits are denied.

### B. Analysis of Petitioner's Claims

#### 1. Standard of Review

"Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d)(1), a federal court may not grant a state prisoner's habeas application unless the relevant state-court decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Knowles v. Mirzayance*, 556 U.S. 111, 121 (2009) (internal quotation omitted). "The question is 'not whether the state court was incorrect or erroneous in rejecting petitioner's claim, but whether it was objectively unreasonable in doing so.'" *Edwards v. Superintendent, Southport C.F.*, 991 F. Supp. 2d 348, 367 (E.D.N.Y. 2013) (quoting *Ryan v. Miller*, 303 F.3d 231, 245 (2d Cir. 2002)). "The petition may be granted only if 'there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the

Supreme] Court's precedents.'" *Id*. (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)).

### 2. Procedural Bars to Petitioner's Claims

As a threshold issue, respondent argues that petitioner's claims are procedurally barred from federal habeas review. First, with respect to petitioner's claims that the hearing officer violated his constitutional rights by not explaining why confidential testimony was necessary and by not providing a copy of the unusual incident report, respondent contends that petitioner failed to exhaust these claims in state court, and that the time for doing so has now expired. Second, with respect to all of petitioner's claims, respondent contends that they are procedurally barred on adequate and independent state law grounds.

#### a. Failure to Exhaust

It is well-established that a state inmate who seeks federal habeas review must first exhaust his available state court remedies. 28 U.S.C. § 2254(b)(1). This is so because "interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005). "In order to satisfy the exhaustion requirement, a habeas petitioner must give the state courts a fair opportunity to review the federal claim and correct any alleged error." *Ortiz v. Heath*, 2011 WL 1331509, at *6 (E.D.N.Y. Apr. 6, 2011).

A claim may be deemed exhausted where further review is procedurally barred under state law. *See id.* ("[B]ecause the exhaustion requirement 'refers only to remedies still available at the time of the federal petition, it is [also deemed] satisfied if it is clear that the habeas petitioner's claims are now procedurally barred under state law.'") (quoting *Coleman v. Netherland*, 518 U.S. 152, 161 (1996)). However, "[w]here a procedural bar gives rise to exhaustion . . . it also 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim.'" *Id.* (quoting *Netherland*, 518 U.S. at 162). "For a procedurally defaulted claim to escape this fate, the petitioner must show cause for the default and prejudice, or demonstrate that failure to consider the claim will result in a miscarriage of justice, (*i.e.*, the petitioner is actually innocent)." *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001).

### i. Failure to Provide Unusual Incident Report

Petitioner concedes that he did not exhaust his claim that the hearing officer violated his right to due process by failing to provide a copy of the unusual incident report and requests that this claim be withdrawn. *See* Docket No. 12 at 4 (petitioner "respectfully request[s] this Court to allow him to delete his unexhausted claim that his Right to Due Process was violated when the Hearing Officer[] failed to provide him with a copy of the

Unusual Incident Report"). This Court has the authority to permit petitioner to delete unexhausted claims, and grants petitioner's request to do so here. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005) ("[A petitioner] can always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims.") (internal quotation omitted). Accordingly, the Court has not considered this claim in the remainder of its analysis.

### ii. Notice regarding Confidential Testimony

Respondent also argues that petitioner failed to exhaust his claim that the hearing officer did not properly inform him of why confidential testimony was being taken. Specifically, respondent argues that although petitioner raised this argument in his Article 78 proceeding, when he appealed the denial of his petition to the Appellate Division, he framed this claim as a violation of state administrative rules, rather than as a federal constitutional issue.

"In order to satisfy the exhaustion requirement, a prisoner must have fairly presented the same legal claim to the state courts that he presents in his federal habeas petition. Because non-constitutional claims are not cognizable in federal habeas corpus proceedings, . . . [the petitioner] must put state courts on notice that they are to decide federal constitutional claims." *Petrucelli v. Coombe*, 735 F.2d 684, 687 (2d Cir. 1984). A prisoner

may satisfy this requirement in various ways, including: "(a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation." *Grady v. LeFevre*, 846 F.2d 862, 864 (2d Cir. 1988) (internal quotation omitted).

Here, the Court agrees with respondent that petitioner's brief to the Appellate Division failed to cast this claim in constitutional terms. In his "Questions Presented," petitioner indicated that his claim was that "the hearing officer violated 7 N.Y.C.R.R. § 254.5(B) by failing to provide an explanation for why the testimony of inmate Rodriguez . . . was taken outside of the petitioner/appellant's presence." Petitioner cited two cases in support of this claim - *Matter of Trapani v. Annucci*, 117 A.D.3d 1473 (4th Dep't 2014) and *Matter of Janis v. Prack*, 106 A.D.3d 1297 (3d Dep't 2013) - both of which are state law cases and neither of which applies a constitutional analysis to a similar fact pattern. Petitioner made no mention of any constitutional claim with respect to this issue.

There is nothing in petitioner's brief to the Appellate Division to fairly put that court on notice that petitioner's claim

was of a constitutional dimension. Accordingly the Court finds that petitioner has failed to exhaust this claim and that, because he cannot now do so[1], it is procedurally barred. *See, e.g., Young v. Conway*, 761 F. Supp. 2d 59, 78 (W.D.N.Y. 2011), *aff'd*, 698 F.3d 69 (2d Cir. 2012) (finding claim procedurally barred where, in appellate brief, petitioner cited only New York State cases that did not employ any constitutional analyses).

The Court further finds that petitioner cannot overcome the procedural bar with respect to this claim. As an initial matter, petitioner has not identified any cognizable cause for having failed to cast this claim in constitutional terms in his appellate brief.

Moreover, petitioner cannot show prejudice, because his claim lacks merit. "Courts have long recognized . . . that the right to know evidence supporting prison disciplinary rulings is not absolute. As the Supreme Court has observed, prison disciplinary proceedings take place in tightly controlled environments peopled by those who have been unable to conduct themselves properly in a free society. The risks of violence or intimidation directed at either other inmates or staff are real. Thus, when the disclosure of evidence presents such risks, hearing officers may properly

---

[1] Under New York law, challenges to disciplinary hearings must be brought in an Article 78 proceeding, and the statute of limitations to commence such a proceeding is four months. This deadline has long since expired in petitioner's case.

-14-

decline to inform an inmate of the adverse evidence." *Sira v. Morton*, 380 F.3d 57, 74-75 (2d Cir. 2004) (internal citations and quotations omitted). As such, "[a]n inmate involved in a disciplinary hearing does not enjoy the same right to confront witnesses that a defendant in a criminal trial does" and "[a] hearing officer has substantial discretion to receive evidence *ex parte* outside of the presence of the inmate." *Sowell v. Chappius*, 2010 WL 1404004, at *2 (W.D.N.Y. Mar. 31, 2010). A hearing officer who takes confidential testimony is required only to "offer a reasonable justification for their actions, if not contemporaneously, then when challenged in a court action." *Sira*, 380 F.3d at 75. In this case, while the hearing officer did not contemporaneously explain the reasons for keeping the testimony confidential, DOCCS subsequently submitted the confidential testimony to the Albany County Court for *in camera* review, explaining that it was confidential because of concerns for institutional safety. DOCCS has submitted the confidential testimony to this Court under seal. The Court has reviewed this testimony and finds the explanation that it was not revealed to petitioner out of institutional safety concerns reasonable. As such, petitioner cannot show any prejudice related to the hearing officer's failure to provide a contemporaneous explanation.

Finally, petitioner has not argued that he is actually innocent, nor is there any evidence in the record to support that

conclusion. Accordingly, petitioner cannot overcome the procedural bar related to this claim, and it cannot form the basis for federal habeas relief.

### b. Independent and Adequate State Law Grounds

The sole exhausted claim in the instant petition is that the hearing officer violated petitioner's conditional constitutional right to call Mr. Rodriguez as a witness. Respondent contends that this claim is procedurally barred because it was dismissed by the Appellate Division on independent and adequate state law grounds – namely, that it was unpreserved.

"The independent and adequate state ground doctrine first arose in the context of direct appeals to the Supreme Court from final judgments of the state courts. Under that doctrine the Supreme Court 'will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Garcia v. Lewis*, 188 F.3d 71, 76 (2d Cir. 1999) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). "The doctrine also applies in the context of federal courts reviewing applications for a writ of habeas corpus" and "applies whether the state law ground is substantive or procedural." *Id*. (internal quotation omitted). Accordingly, "[i]f a state court clearly and expressly states that its judgment rests on a state procedural bar[,] this constitutes an independent and adequate

state ground, and the federal court must deny habeas relief." *Green v. Keyser*, 2017 WL 5125533, at *6 (S.D.N.Y. Nov. 1, 2017) (internal quotation omitted).

In this case, the Appellate Division (which was the last state court to render judgment), expressly stated that petitioner's claims were properly dismissed because he had failed to object during the course of the disciplinary hearing, rendering his arguments unpreserved. "Generally, a party's failure to make a timely objection in compliance with an applicable contemporaneous objection rule constitutes an independent and adequate state ground for denying review." *Golson v. Griffin*, 2017 WL 1176049, at *5 (W.D.N.Y. Mar. 30, 2017). As such, if the Appellate Division were correct that petitioner's objection was unpreserved, this would serve as an independent and adequate state law basis for denial of his claim.

However, the Court has reviewed the transcript of the disciplinary hearing and finds that the Appellate Division's determination that petitioner's objection was unpreserved has no basis in the record. At the disciplinary hearing, petitioner specifically argued that Mr. Rodriguez should be called as a witness "so that he can be questioned . . . and [petitioner] can properly defend [himself]." The hearing officer responded that "Inmate Rodriguez was questioned about attending this hearing and he refused. He has the right to do so. Your objection is once

again noted." In other words, the hearing officer told petitioner, on the record, that his objection related to the failure to call Mr. Rodriguez as a witness had been preserved. The Appellate Division's decision made no mention whatsoever of these facts, and this Court therefore cannot find that its determination was appropriately based on an independent and adequate state law ground. *See, e.g., Kindred v. Colvin*, 2014 WL 5662858, at *14 n.19 (N.D.N.Y. Nov. 4, 2014) (finding no procedural bar where state court inaccurately relied on New York Criminal Law in denying petitioner's motion to vacate). The Court has therefore considered petitioner's claim on the merits.

### 3. Denial of Request to Call Mr. Rodriguez

An inmate faced with a disciplinary hearing has a due process right to call and present witnesses. *See Ponte v. Real*, 471 U.S. 491, 496 (1985). However, "[i]t is settled that an inmate in a prison disciplinary hearing does not enjoy the same absolute right to call and confront witnesses as a defendant in a criminal trial, but that this right is instead qualified by the special circumstances of prison life, so that an inmate may not call witnesses when doing so would impinge on legitimate correctional goals." *Finney v. Coughlin*, 2 F. App'x 186, 190 (2d Cir. 2001). "Furthermore, a lack of necessity for a witness's testimony counts as a valid basis for refusing to call a witness, and if a witness

will not testify if called, it cannot be a necessity to call him." *Id.* (internal quotations and citations omitted).

In this case, it is undisputed that Mr. Rodriguez completed a refusal to testify form. Accordingly, because Mr. Rodriguez had refused to testify, it was not a due process violation for the hearing office to fail to call him.

Petitioner has argued that the hearing officer should have made further inquiry into the basis for Mr. Rodriguez's refusal. However, courts in this Circuit have concluded that "[a] hearing officer does not have to conduct an independent investigation before accepting an inmate-witness's refusal to testify." *Johnson v. Doling*, 2007 WL 3046701, at *7 (N.D.N.Y. Oct. 17, 2007); *see also Jamison v. Fischer*, 2013 WL 5231457, at *3 (S.D.N.Y. July 11, 2013), *aff'd*, 617 F. App'x 25 (2d Cir. 2015) ("an inmate has no constitutional claim simply because the hearing officer chooses not to inquire into a witness's reasons for refusing to testify").

Petitioner has failed to demonstrate that the hearing officer violated his due process rights by failing to call Mr. Rodriguez as a witness. Accordingly, habeas relief is not warranted.

**IV. Conclusion**

For the foregoing reasons, Petitioner's application for a writ of habeas corpus is denied, and the petition is dismissed. Because Petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines

to issue a certificate of appealability. The Clerk of the Court is instructed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                              s/Michael A. Telesca

                                        _____
                                        HONORABLE MICHAEL A. TELESCA
                                        United States District Judge

DATED:    Rochester, New York
             November 16, 2017